UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK DUBOIS** | ) | Case Number |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL COMPLAINT** |
| vs. | ) | |
| | ) | |
| **COMMERCIAL RECOVERY SYSTEMS, INC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Frank Dubois, by and through his undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiff, Frank Dubois (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania, and the acts complained of occurred here.

### III. PARTIES

4. Plaintiff, Frank Dubois, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1701 Newportville Road #1732, Croydon, Pennsylvania  19021.

5. Defendant, Commercial Recovery Systems, Inc., ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 8035 East R.L. Thornton Fwy #320, Dallas, Texas  75228.

6. Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff has recently started receiving a series of harassing telephone calls from defendant relative to the collection of a consumer debt that is purportedly owed by plaintiff's sister, not plaintiff/

8. Plaintiff has explained on numerous occasions that his sister does not live with him and for the caller to stop calling him.  Defendant, through its agent, "Mike", ignores plaintiff and tells him he can call as much as he wants because it's the number he was given to call.

9. Plaintiff has become so frustrated with the relentless calls that on one occasion he told Michael he was going to be forced to contact his attorney, whereupon Michael told him to give him the number of the attorney. Plaintiff asked Michael to wait while he looked the name up on the computer, and Michael launched into a tirade stating, "What's taking you so long? Are you stupid? Don't you know your own lawyer's number?" Plaintiff then asked for a minute to look up the information and Michael stated, "Never mind. I'll be sending the sheriff out to your house". Plaintiff then asked Michael to send a letter so he could give the letter to his sister, but Michael continued to ignore plaintiff and berated him even more forcefully, saying, "No, I'll just send a sheriff to your house". Then defendant hung up on plaintiff.

10. Later that day, plaintiff called defendant and asked to speak to Michael's supervisor, but Michael picked up the phone and told plaintiff, "The only people you'll be speaking to is me and the sheriff".

11. Defendant's rude, abusive, demeaning and harassing calls to plaintiff are a violation of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

12. The above paragraphs are hereby incorporated herein by reference.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.    15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

    b.    15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

    c.    15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

14.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in their favor and against Defendant and Order the following relief:

    a.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

      **Respectfully submitted,**

      **WARREN, VULLINGS & VASSALLO, LLP**

Date:   5/16//08    BY:   **/s/Bruce K. Waren**
           Bruce K. Warren
           Warren, Vullings & Vassallo LLP
           1603 Rhawn Street
           Philadelphia, PA  19111
           215-745-9800   Fax 215-745-7880
           Attorney for Plaintiff